**Jumel C. ABODEEN, Plaintiff–Appellant,**

v.

**Harry BUFARDI, Sheriff, Schenectady County Jail; Sgt. Greenwald, Schenectady County Jail; Major Ellwell, Schenectady County Jail; Lt. Andy Jones, Schenectady County Jail, Defendant–Appellees,**

No. 03–0072.

United States Court of Appeals, Second Circuit.

Sept. 18, 2003.

Jumel C. Abodeen, White Deer, PA, pro se.

Theresa J. Puleo (William J. Greagan, of counsel), Goldberg Segalla LLP, Albany, New York, NY, for Appellees.

Present: VAN GRAAFEILAND, CABRANES and B.D. PARKER, Jr., Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

**AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

Plaintiff Jumel Abodeen appeals from a judgment of the District Court entered February 19, 2003, granting summary judgment to the defendants on his 42 U.S.C. § 1983 claim.

Abodeen alleges that the defendant prison officials denied him his constitutional right of access to the courts, *see Lewis v. Casey,* 518 U.S. 343, 346, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), by administering an inadequate law library at the Schenectady County Jail. Abodeen asserts that he was prejudiced because (1) he could not properly challenge the federal drug charges that were pending against him, and (2) he was unable to file a civil complaint against his arresting officers.

The District Court, adopting the report and recommendation of Magistrate Judge David R. Homer, granted summary judgment to the defendants in a written opinion. *Abodeen v. Bufardi,* No. 9:02–CV–39 (N.D.N.Y. Feb. 19 2003). The Court noted that "[t]o establish a violation of the fundamental right of access to the courts, an inmate must show actual injury caused by the alleged deprivation." *Id.* at 5 (citing *Lewis* 518 U.S. at 353 & n. 4). The Court held that Abodeen had "failed to demonstrate any actual injury arising from the asserted denial of access to the Schenecta-dy County Correctional Facility's law collection." *Id.* at 7.[1]

With respect to plaintiff's claim that he was precluded from properly challenging his drug charge, to which he pleaded guilty with the assistance of court-appointed attorney, the Court noted that "the right of access to courts is not infringed where prisoners are provided with appointed counsel[,] even if they are not supplied with an adequate prison library." *Id.* at 5 (citing *Bounds v. Smith,* 430 U.S. 817, 830–31, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)). We agree with the Court's analysis.

Regarding plaintiff's claim that he was he was precluded from filing a *pro se* civil action against the arresting officers who had violated his rights during his arrest, the Court noted that Abodeen did in fact file such a civil action, *Abodeen v. Moreno,* 02–CV–256, but the action was dismissed *without prejudice* on September 24, 2002 on motion of Abodeen himself. *Id.* at 6–7. Plaintiff contends that the reason he withdrew his civil action without prejudice was his lack of access to legal materials, and consequent inability to respond to a motion to dismiss. The Court held that "the request to withdraw that action without prejudice to re-filing negates any inference that Plaintiff suffered an actual injury causally related to conduct of the officers at the Schenectady County Correctional Facility." *Id.* at 7.

---

1. The Magistrate Judge observed that the defendants had failed to give notice to Abodeen of the nature and consequences of a motion to summary judgment. *See McPherson v. Coombe,* 174 F.3d 276, 282 (2d Cir.1999) (holding that "absent a clear indication that the *pro se* litigant understands the nature and consequences of Rule 56, ... he or she must be so informed by the movant in the notice of motion or, failing that, by the district court"). The Magistrate Judge gave such notice to the plaintiff as part of his report and recommendation. Any possible defect associated with the notice requirement was further cured by the fact that Abodeen's memorandum in opposition to summary judgment demonstrates that he understood the defendants' motion and the summary judgment procedure. *See M.B. v. Reish,* 119 F.3d 230, 232 (2d Cir.1997) (holding that a *pro se* litigant had adequate notice where he demonstrated his understanding of Rule 56 by submitting an extensive response to a summary judgment motion that included the statement that "there seems to exist a material issue of fact which presents a genuine issue to be tried, which precludes summary judgment").

The District Court assumed that the dismissal did not result in any harm to the defendant without considering the possibility that the expiration of the statute of limitations on that action could prevent refiling, thereby resulting in prejudice. Despite this potential oversight, we agree with the District Court that summary judgment was proper (i) because the defendant has not asserted, and the record does not establish, that the statute of limitation has prevented him from re-filing his action, and (ii) the District Court held that, in any event, "the undisputed facts demonstrate that Plaintiff has had ample and meaningful access to the Courts," *id.* at 7.

\* \* \* \* \* \*

We have considered all of the defendant's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.